IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN M.,                                                      Case No. 3:19-cv-01863-SB

                        Plaintiff,[1]                          **OPINION AND ORDER**

            v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                        Defendant.

**BECKERMAN, U.S. Magistrate Judge.**

        Kevin M. ("Plaintiff") initially filed this appeal on November 19, 2019, challenging the

Commissioner of Social Security's ("Commissioner") denial of his application for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act. The following year, the

Court granted the Commissioner's unopposed motion to remand under sentence six of 42 U.S.C.

§ 405(g).

        The Commissioner now moves for entry of judgment under Federal Rule of Civil

Procedure ("Rule") 58. The parties have consented to the jurisdiction of a magistrate judge under

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last
name of the non-governmental party.

28 U.S.C. § 636(c). For the reasons explained below, the Court denies the Commissioner's motion.

## STANDARD OF REVIEW

"As with other agency decisions, federal court review of social security determinations is limited." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). That is so because "[f]or highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." *Id.* (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1966)). Adhering to this principle, courts "follow three important rules" in reviewing social security determinations. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

First, courts "leave it to the [agency] to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Id.* (quoting *Treichler*, 775 F.3d at 1098). Second, courts "will 'disturb the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098). Third, if the agency "'commits legal error, [courts] uphold the decision where that error is harmless,' meaning that 'it is inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("And even where this modest [substantial evidence] burden is not met, [courts] will not reverse an [agency] decision where the error was harmless." (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded*

*on other grounds by regulation as recognized in Farlow v. Kijakazi, 53 F.4th 485, 487 (9th Cir. 2022)*)).

BACKGROUND[2]

Plaintiff was born in August 1951, making him sixty-four years old on September 26, 2015, his alleged disability onset date and the day after an Administrative Law Judge denied his first DIB application.[3] (Tr. 9); *Kevin M.*, 2022 WL 17690153, at *1-2; Admin. R. at 26, 65-71 & Pl.'s Opening Br. Attach. 1 at 1-4, *Kevin M. v. Comm'r Soc. Sec. Admin.*, No. 3:21-cv-00113-MK (D. Or. filed Dec. 14, 2021 & Feb. 14, 2022), ECF Nos. 23-1, 25-1. Plaintiff has at least a high school education and past work experience as a publishing director, account/sales manager,

_____

[2] For clarity and context, the Court briefly recites these undisputed facts at the outset: (1) Plaintiff filed DIB applications in 2013 and 2017 but only appealed the Commissioner's final decisions regarding his 2017 application, (2) the clerk assigned the first of Plaintiff's two appeals to this Court, and (3) in June 2023, the Appeals Council issued a decision addressing both of Plaintiff's remanded appeals from this district. (*See* Suppl. Certified Admin. R. ("Tr.") 1, 8-10, ECF No. 14-2 at 3, 10-12, attaching the combined decision; Def.'s Reply Supp. Mot. J. ("Def.'s Reply") at 2-3, ECF No. 20, stating that Plaintiff did not appeal the denial of his 2013 application and only the 2017 application is "at issue in the instant case"; Pl.'s Resp. Def.'s Mot. J. ("Pl.'s Resp.") at 1-4, ECF No. 19, conceding that Plaintiff filed his first application "[i]n 2013"; *cf. Kevin M. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-cv-00113-MK, 2022 WL 17690153, at *1-5 (D. Or. Dec. 15, 2022) (remanding Plaintiff's second appeal, noting that the parties' papers and record confirmed that Plaintiff "filed his first application for DIB in May 2013," the Appeals Council denied Plaintiff's request to review the denial of his 2013 application on June 8, 2017, and Plaintiff "filed a second application for DIB on July 14, 2017," and rejecting Plaintiff's counsel's argument that the Commissioner "constructively reopen[ed] the prior May 2013 application"). Given this posture, the Court necessarily relies in part on the district court's decision in *Kevin M.*, including its description of the underlying (and undisputed) facts and procedural history.

[3] "[T]o be eligible for DIB, a claimant must prove continuous disability that began on or before the date last insured[.]" *Hasji v. Kijakazi*, No. 21-15319, 2023 WL 6458648, at *1 (9th Cir. Oct. 4, 2023) (first citing 42 U.S.C. § 423(a)(1)(A), (c)(1); then citing 20 C.F.R. § 404.131; and then citing *Flaten v. Sec'y of Health & Hum. Servs.*, 44 F.3d 1453, 1459 (9th Cir. 1995)); *see also Sam v. Astrue*, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam) (noting that "only disabilities existing before [the] date last insured establish entitlement to [DIB]" (citing *Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984) (per curiam))). As a result, Plaintiff needed to (and did) prove continuous disability that began on before June 30, 2017, his date last insured ("DLI"). (Tr. 8-10.)

and business consultant. *Kevin M.*, 2022 WL 17690153, at *2. In his current DIB application, Plaintiff alleged disability due primarily to a neurocognitive disorder, depression, bilateral knee disorder, history of cerebrovascular accident (stroke), and congestive heart failure. (Tr. 9.)

The Commissioner denied Plaintiff's DIB application initially and upon reconsideration, and on February 7, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Admin. R., *supra* page 3, at 31.) On April 10, 2019, Plaintiff and an impartial vocational expert ("VE") appeared and testified at an administrative hearing held before an ALJ. *Id.* Plaintiff's counsel also attended the hearing. *Id.* On May 1, 2019, the ALJ issued a written decision finding that Plaintiff had "been under a disability as defined in the Social Security Act since September 26, 2015, the alleged onset date of disability[.]"[4] *Id.* at 34-35 (bold typeface omitted).

On August 9, 2019, Plaintiff's counsel requested the Appeals Council's review of the ALJ's decision. *See id.* at 22, 65-71 (acknowledging the agency's receipt of the "request for review filed on August 9, 2019"). In an Order dated September 19, 2019, the Appeals Council dismissed Plaintiff's request for review on the ground that Plaintiff did not file it within the applicable sixty-day deadline but failed to address the explanation that Plaintiff's counsel

---

[4] The ALJ referred to July 14, 2017 as Plaintiff's protective filing date. (Admin. R., *supra* page 3, at 31, 35.) "[T]he payability of benefits under Title II . . . is measured by the protective filing date." *Kevin M.*, 2022 WL 17690153, at *2. That is significant because (1) although Plaintiff never appealed the Commissioner's final decision denying his first DIB application, Plaintiff filed his "new [and current] application for [DIB]" on July 14, 2017, "less than six months" after the Appeals Council issued its June 8, 2017 notice denying Plaintiff's first application and declining to consider and exhibit additional evidence that he submitted with his September 25, 2015 request for review, and (2) "[i]f a new application is filed within [six] months of the Appeals Council's notice denying the submission of additional evidence, the Appeals Council will use the date that [the] claimant requested Appeals Council review as the filing date for the new application." *Kevin M.*, 2022 WL 17690153, at *1-2 (citing, *inter alia*, 20 C.F.R. § 404.970(c)); Pl.'s Opening Br. Attach. 1, *supra* page 3, at 1-2 (attaching the Appeals Council's June 8, 2017 notice).

provided as to why there was good cause to excuse Plaintiff's untimely filing. (*Compare id.* at

22, *and id.* at 65, 69; *see also* Tr. 8; Def.'s Mot. Remand at 2, ECF No. 9); *Kevin M.*, 2022 WL

17690153, at *1.

　　The Appeal Council's dismissal of Plaintiff's request for review made the ALJ's decision

the final decision of the Commissioner for judicial review. *See Kavandi v. Kijakazi*, No. 20-

55740, 2021 WL 6101351, at *1 (9th Cir. Dec. 21, 2021) ("[A]n Appeals Council dismissal as

untimely of a request for review, after a claimant has received an ALJ hearing on the merits, is a

final decision for purposes of 42 U.S.C. § 405(g)[.]" (citing *Smith v. Berryhill*, 587 U.S. 471, 489

(2019))); *see also Reimer v. O'Malley*, No. 23-2620, 2024 WL 4988374, at *1 (9th Cir. Dec. 5,

2024) (noting that the Appeals Council "declined" the claimant's "request for an administrative

review," which "ma[de] the ALJ's decision the final decision of the Commissioner for judicial

review").

　　Two months later, on November 19, 2019, Plaintiff, now proceeding in forma pauperis

("IFP") and as a self-represented litigant, filed this appeal challenging the Commissioner's

favorable decision on his DIB application. (Compl. at 1, 3, ECF No. 2; IFP Appl. at 1-4, ECF

No. 1; ECF No. 4.) The Commissioner received service of process on December 16, 2019,[5] and

needed to file an answer by April 14, 2020. (ECF No. 6.) Instead of answering on April 14, 2020,

the Commissioner moved for a "sentence six" remand under 42 U.S.C. § 405(g).[6] (Def.'s Mot.

Remand at 1-5.)

---

[5] On January 10, 2020, the parties consented to the jurisdiction of a magistrate judge
under 28 U.S.C. § 636(c). (ECF No. 7.)

[6] "[A] remand under sentence six can be ordered only in two particular instances: 'where
the Commissioner requests a remand before answering the complaint, or where new, material
evidence is adduced that was for good cause not presented before the agency.'" *Hoa Hong Van v.
Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007) (quoting *Akopyan v. Barnhart*, 296 F.3d 852, 854
(9th Cir. 2002)); *see also* 42 U.S.C. § 405(g) (noting in the provision's sixth sentence that a court

In support of remand, the Commissioner's counsel explained that the Appeals Council informed her that it "found no record that it requested an explanation from Plaintiff for his untimely filing" of his request for review, and in turn failed to follow HALLEX and deprived Plaintiff of an opportunity to demonstrate good cause to excuse his untimely filing and reach the merits.[7] (Def.'s Mot. Remand at 2.) The Commissioner's counsel also quoted relevant parts of HALLEX I-3-4-2 and relied on an oft-cited portion of a House Report accompanying Congress's 1980 amendment to sentence six of § 405(g). (*Id.* at 2-3, first quoting HALLEX I-3-4-2B.-C.;

---

"may, on motion of the Commissioner . . . made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner . . . for further action by the Commissioner," and "may at any time order additional evidence to be taken before the Commissioner . . . , but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding").

[7] The acronym "HALLEX" refers to the "Commissioner's Hearings, Appeals and Litigation Law Manual." *Roberts v. Comm'r Soc. Sec. Admin.*, 644 F.3d 931, 933 (9th Cir. 2011) (per curiam). HALLEX is an internal policy manual that "does not impose judicially enforceable duties on either the ALJ or [a federal] court." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072 (9th Cir. 2010) (citing *Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008)); *see also Roberts*, 644 F.3d at 933 (stating that this circuit does not "review allegations of non-compliance with [HALLEX]," as it "does not carry the force of law and [is] not binding upon the agency") (simplified); *McGowan v. Saul*, 833 F. App'x 138, 138 (9th Cir. 2021) (rejecting an argument "because the ALJ's noncompliance with HALLEX is not legally enforceable") (citation omitted). HALLEX's provisions, however, are entitled to "respect" to the extent that they have the "power to persuade," and intended to guide the agency's decision-making and inform the public about benefit procedures and requirements. *See Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008) ("While not binding on this court, [HALLEX's] procedural guidance to the staff and adjudicators . . . bolsters this interpretation."); *Lockwood*, 616 F.3d at 1072-73 (stating that the *Lockwood* holding was consistent with the "holding in *Bowie*" and "agency interpretations" like HALLEX "are entitled to respect . . . to the extent that those interpretations have the power to persuade," and rejecting the claimant's reliance on a different agency manual/interpretation, in part because it was "inconsistent with the guidance in HALLEX"); *Marasco & Nesselbush, LLP v. Collins*, 6 F.4th 150, 157 & n.1 (1st Cir. 2021) (noting that HALLEX "contain[s] numerous provisions that guide the agency's decision-making while also informing the public of the requirements and procedures for seeking benefits," as well as an "introductory section" stating, among other things, that it "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels") (simplified).

and then citing H.R. Conf. Rep. No. 96-944, at 59 (1980), *reprinted* in 1980 U.S.C.C.A.N. 1277, 1407, *as recognized in Evangelista v. Sec'y of Health & Hum. Servs.*, 826 F.2d 136, 141 (1st Cir. 1987)).

HALLEX I-3-4-2 provides, in relevant part, that (1) "[w]hen an explanation for an untimely filing is not in the file, . . . [agency] staff will prepare a letter to the claimant and representative, if any, requesting an explanation for untimely filing," and (2) the Appeals Council "will consider the [claimant's] case on its merits" if it "finds that the claimant established a good cause reason for an untimely filing," make a pre-dismissal order notation in its system if "the claimant or representative did not respond to the request for an explanation," or, alternatively, record its "reasons" for finding that "the claimant did not establish good cause for an untimely filing[.]" HALLEX I-3-4-2, https://www.ssa.gov/OP_Home/hallex/I-03/I-3-4-2.html [https://perma.cc/BMG2-6Q4L]; *see also Craven v. Kijakazi*, No. 19-1802, 2021 WL 5918557, at *2 n.1 (7th Cir. Dec. 15, 2021) (citing the homepage "available at http://www.ssa.gov/OP_Home/hallex/hallex.html") (simplified).

The portion of the legislative history that the Commissioner cited provides examples of "good cause" justifying sentence six remands. *See, e.g.*, *Hills v. Comm'r of Soc. Sec.*, No. 2:24-1207, 2024 WL 4690979, at *2 (W.D. Wash. Nov. 6, 2024) (noting that "[t]he Commissioner, like many district courts when ruling on similar motions, cite[d] House Conference Report No. 96-944, which provides examples of 'good cause' within this [sentence six remand] context") (simplified). Relying on this legislative history, courts have found "good cause" for granting sentence six remands in a variety of situations, including "where a file is incomplete because the [agency] has 'lost' or 'cannot locate' case materials[.]" *Id.* at *2 (citations omitted). Similarly, the district court in *Hills* found good cause for granting a sentence six remand where the Appeals

Council "fail[ed] to initiate" the claimant's "request for review," analogizing the "result" of the

Appeals Council's "failure" to "when a document or recording has been lost: an incomplete file."

*Id.*; *see also Tucunango v. Sullivan*, 810 F. Supp. 103, 108 (S.D.N.Y. 1993) ("As the [House]

Conference Report relied on states, the illustrations of good cause are simply offered as

examples. There is no suggestion that those illustrations described as examples are intended to be

exclusive.").

On May 4, 2020, Plaintiff filed a response to the Commissioner's motion for a sentence

six remand. (Pl.'s Resp. Mot. Remand at 1-2, ECF No. 11.) Plaintiff explained that he had "no

objection" and "look[ed] forward" to and would comply with the Appeals Council's review. (*Id.*

at 1.)

After the parties briefed the Commissioner's motion, the Court reviewed the applicable

sentence six standards and authorities upon which the Commissioner relied in the motion, as well

as other relevant case law. *See Smith*, 587 U.S. at 488-89 (explaining that § 405(g) permits

judicial review of an Appeals Council's post-hearing untimeliness dismissal of a claimant's

request for review and there would be "no jurisdictional bar to a court's reaching the merits," but

adding that such a procedural dismissal means that "the agency's final decisionmaker has not had

a chance to address the merits at all" and that "in an ordinary case, a court should restrict its

review to the procedural ground that was the basis for the Appeals Council dismissal and (if

necessary) allow the agency to address any residual substantive questions in the first instance");

*see also Carroll v. Comm'r Soc. Sec. Admin.*, 453 F. App'x 889, 892-93 (11th Cir. 2011) (per

curiam) (addressing an appeal regarding the district court's denial of a motion for a sentence six

remand, rejecting the claimant's reliance on HALLEX, and explaining that the Eleventh Circuit

has "held that an agency's violation of its own governing rules must result in prejudice before [it]

will remand to the agency for compliance" and that the challenged action "resulted in no prejudice").

Recognizing the procedural and prejudicial nature of the Appeals Council's admitted failure to "request an explanation from Plaintiff for his untimely [request for review]" (Def.'s Mot. Remand at 2), the Court issued an Order for Remand on July 20, 2020, granting the Commissioner's unopposed motion to remand Plaintiff's case pursuant to sentence six. (ECF No. 12.) That same day, the Court administratively closed but retained jurisdiction over Plaintiff's case pending completion of the proceedings on remand.[8] *See Akopyan*, 296 F.3d at 854 (explaining that "[s]entence six remands do not constitute final judgments" and that "after the postremand proceedings are completed[] [and] the Commissioner returns to court, the court enters a final judgment") (simplified); *Flom v. Holly Corp.*, 276 F. App'x 615, 617 (9th Cir. 2008) (stating that "when a court remands such a case pursuant to 'sentence six[,]' [it] retains

---

[8] To that end, the Commissioner correctly noted that if the Court remanded under sentence six, "[t]his Court will maintain jurisdiction over this case," Plaintiff could seek further review by "reinstating this case rather than . . . filing a new [c]omplaint," and after the completion of proceedings on remand, "the Commissioner must return to the district court to file . . . any such additional or modified findings of fact and decision, . . . [and] a transcript of the additional record and testimony upon which his action in modifying or affirming was based." (Def.'s Mot. Remand at 3, citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)); *cf.* 42 U.S.C. § 405(g) (stating that the Commissioner "shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based," "[s]uch additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision," and "[t]he judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions"); *see also Jackson v. Chater*, 99 F.3d 1086, 1096 (11th Cir. 1996) (addressing a dual sentence four and six remand and explaining that "[j]urisdiction continues . . . because the sentence-six part of [a dual] remand requires the parties to return to district court"); *Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (observing that "administrative closings do not end the proceeding[;] [r]ather, they are a practical tool used by courts to 'prune overgrown dockets' and are 'particularly useful in circumstances in which a case, though not dead, [is] likely to remain moribund for an appreciable period of time'") (simplified).

jurisdiction over the case" (citing *Hoa Hong Van*, 483 F.3d at 607)); *cf. Kris K. v Kijakazi*, No. 3:20-cv-00515, 2022 WL 11128045, at *3, *5 (S.D. Cal. Oct. 18, 2022) (remanding the claimant's case under sentence six, retaining jurisdiction, and administratively closing the case "subject to reopening at the request of either party upon the completion of the proceedings on remand, at which time the Commissioner . . . [was] obligated to file a certified administrative record").

Following remand, the Appeals Council sent a Notice of Order to Plaintiff on September 3, 2020, vacating its prior dismissal of his request for review. (Admin. R., *supra* page 3, at 6-9.) Also on September 3, 2020, the Appeals Council sent a letter to Plaintiff seeking an explanation as to why he did not file his request until August 9, 2019, when it was due by July 5, 2019. (*Id.* at 40-42.)

After receiving Plaintiff's response letters dated September 9 and September 16, 2020, the Appeals Council issued an Order on November 19, 2020, rejecting Plaintiff's counsel's arguments as to why there was good cause to excuse Plaintiff's untimely filing, stating incorrectly that "no further explanation for the untimely filing of the request for review was received in response to the letter sent by the [Appeals] Council on September 3, 2020," and dismissing Plaintiff's request for review. *See id.* at 1-5 (advising that Plaintiff must file a civil action in sixty days, the sixty-day period "start[ed] from the day after [he] receive[d]" the Appeals Council's letter, and the Appeals Council assumes that a claimant receives such a letter five "days after the date" of issuance).

The next day, November 20, 2020, Plaintiff's counsel sent a supplemental letter to the Appeals Council addressing the issue of good cause and attaching a copy of postal tracking information demonstrating that the Appeals Council's office received Plaintiff's September 9

and September 16 letters on September 22, 2020. *Id.* at 61-63; *cf. id.* at 1-5 (dismissing

Plaintiff's request in part because "no further explanation for [his] untimely filing of the request

for review was received in response to the letter sent by the [Appeals] Council on September 3,

2020").

On January 24, 2021, Plaintiff's counsel timely filed a second appeal to this federal

district court. *See* Compl. at 1 & Civ. Cover Sheet at 1, *supra* page 3, at 1, ECF Nos. 1 & 1-1

(attaching only the last page of a complaint dated January 24, 2020 and failing to identify any

related cases).[9] Plaintiff's counsel subsequently moved for leave to file a complete version of

Plaintiff's initial complaint and attached a proposed copy alleging that a "United States District

Court" previously remanded Plaintiff's case to the Appeals Council. *See* Mot. Am. Compl. at 1

& Proposed Am. Compl. at 1-2, *supra* page 3, ECF Nos. 3 & 3-1 (failing to include a case

number or address whether the district court remanded the case under sentence four or sentence

six).

On June 25, 2021, after the district court granted Plaintiff leave to amend and ordered

Plaintiff to show cause for failing to amend and prosecute, Plaintiff filed his proposed amended

---

[9] The current version of this district's Local Rules ("LR") provide, in relevant part, that "[i]n the event a case has been remanded by the Court pursuant to sentence six of 42 U.S.C. § 405(g), the plaintiff shall file a motion to reopen the case, with a supporting memorandum, under the case number existing at the time of the remand." LR 4000-7(b). This district amended LR 4000-7 on July 1, 2021, by (1) "[i]nsert[ing] [a] new subsection name and number (b) to [the] existing rule," and (2) "delet[ing] [the] last sentence of [the previous version of the] rule that stated, '[t]he clerk will not open a new case or assign a different case number, but the action will proceed before the previously assigned judge and under the case number existing at the time of the remand.'" *Id.*; *see also* D. Or. Case Assignment Plan, Civ. Case Assignments Rule 2.02(B)(3)(b) (last updated Apr. 2, 2024) ("[A]ppeals . . . following previous remand by the District Court pursuant to sentence six of 42 U.S.C. § 405(g) will be reopened under the prior case number and assigned to the judge who issued the final order in the initial case. If that judge is unavailable, a new judge will be randomly assigned by drawing a new deck assignment card from the [Magistrate Judge] Social Security Deck if the parties fully consented prior to reopening, or from the [District Judge] Social Security Deck if there was not full consent prior to reopening.").

complaint. Minute Orders & Am. Compl. at 1-2, *supra* page 3, ECF Nos. 8, 12-13. The

Commissioner docketed Plaintiff's administrative record on December 14, 2021, and the parties

completed their briefing on the merits of Plaintiff's second appeal on June 3, 2022. (Admin. R. at

1 & Pl.'s Reply Br. at 3, *supra* page 3, ECF No. 31.) On December 15, 2022, the district court

issued an Opinion and Order reversing the Commissioner's decision and remanding "pursuant to

sentence four of 42 U.S.C. § 405(g) for further proceedings[.]" *Kevin M.*, 2022 WL 17690153, at

*1-5.

The district court rejected two of Plaintiff's four arguments (as discussed below) but also

held that the Appeals Council erred in two other respects, including "by failing to provide an

early protective filing date for the July 14, 2017, request." *Id.* at *3. In support of this finding, the

district court explained that under "20 C.F.R. § 404.970(c), the Appeals Council was required to

use November 20, 2015, the date Plaintiff requested review of the [ALJ's] September 25, 2015

decision [on his first application], as the filing date for [his] new application[.]" *Id.* Relatedly, the

district court also held that the Appeals Council erred by failing to (1) consider Plaintiff's

September 9 and September 16, 2019 letters explaining that he did not timely request review of

the ALJ's decision on his new application because of a serious medical illness and limitations,

and (2) find that good cause existed for excusing Plaintiff's untimely filing. *Id.* at *4. In so

holding, the district court noted that "circumstances where good cause may exist include, but are

not limited to, serious illness that prevent contact with the [a]gency." *Id.* (citing 20 C.F.R.

§ 404.911(b)(1)).

On June 27, 2023, the Appeals Council issued a "fully favorable" post-second remand

decision addressing both the sentence four remand in *Kevin M.* and this Court's sentence six

remand in Plaintiff's first appeal to federal court. (*See* Tr. 8-10, addressing both district court

case numbers and remand orders) (simplified). In accordance with the district court's opinion in *Kevin M.*, the Appeals Council found that Plaintiff demonstrated "good cause for the untimely filing of the request for review of the [ALJ's] May 1, 2019 decision" on his second DIB application and thus "grant[ed] review of the hearing decision." (*Id.* at 8.) The Appeals Council in turn vacated the ALJ's finding that Plaintiff's "current claim was filed on July 14, 2017," and determined that Plaintiff's current "claim was protectively filed on November 25, 2015," the date on which Plaintiff requested review of the ALJ's decision regarding his first DIB application. (*Id.* at 9.)

Also on June 27, 2023, the Appeals Council mailed Plaintiff's counsel a notice enclosing its decision on both of Plaintiff's cases from this district. (*Id.* at 1-2.) In its notice, the Appeals Council explained that its June 27, 2023 decision constituted the Commissioner's final decision following Plaintiff's two remands from this district and that it would "submit a certified updated administrative record to [this Court], as it pertains to Civil Action Number 3:19-CV-01863[-SB]." (*Id.* at 1.)

Over a year later, on August 6, 2024, the Commissioner filed his pending motion for entry of a final judgment under Rule 58, along with a certified administrative record consisting of the Appeals Council's June 27, 2023 decision and notice. (Def.'s Mot. Entry J. ("Def.'s Mot.") at 1-2, ECF No. 14; *see also* ECF No. 14-2 at 1-2, certifying the record and providing an index on the pages preceding the transcript or "Tr." pages stamped as 1-12 near the top-right of each page). Plaintiff, who is once again proceeding as a self-represented litigant, failed timely to respond to the Commissioner's motion and received a retroactive extension of time in which to do so. (ECF No. 18.) After the parties respectively filed their response and reply on September

13 and September 24, 2024, the Court took the Commissioner's motion under advisement.[10]
(ECF Nos. 19-21.)

## DISCUSSION

The Commissioner argues that because the Appeals Council issued a fully favorable
decision, the Court should enter judgment under Rule 58. (Def.'s Mot. at 1-2.) Plaintiff opposes
the Commissioner's motion, arguing that contrary to the Appeals Council's decision on his
current, second-filed application, which alleged (and established) disability beginning on
September 26, 2015, his "disability actually began in a concrete discernible way[] in 2013" and
the proper and "exact start date for [his] request for disability [is his] 2013 filing for disability."
(Pl.'s Resp. at 3.)

## I.    APPLICABLE LAW

"Under Rule 58, an order that is dispositive of the proceedings is usually insufficient to
enter judgment." *Kingsbury v. United States*, 900 F.3d 1147, 1149 (9th Cir. 2018) (per curiam).
Rather, "judgment must be expressly entered in a 'separate document' except when the district
court decides certain listed motions—which do not include [sentence six remand] motions." *Id.*
(addressing motions under 28 U.S.C. § 2255 (quoting FED. R. CIV. P. 58(a), (c)(2)(A)). In
situations where "a separate document is required, and one is not filed, judgment is entered
automatically 150 days after the court enters an order disposing of a case." *Id.* (citing FED. R.
CIV. P. 58(c)(2)(B)); *see also Baez v. Comm'r of Soc. Sec.*, 760 F. App'x 851, 853-54 (11th Cir.
2019) ("[J]udgment is entered when the district court enters what it intends to be its final order

---

[10] Resolution of the parties' arguments turns on the facts and procedural history described
above and does not require a detailed description of the ALJ's decision applying "the Social
Security Act's five-step procedure for determining disability," or related standards. *See Brown-
Hunter*, 806 F.3d at 490 (describing this familiar five-step sequential procedure (citing 20 C.F.R.
§ 416.920(a)(4))).

on the docket and 150 days pass, irrespective of whether there is a separate document labeled as a judgment.").

## II.    ANALYSIS

The Court finds that the events following its July 2020 sentence six remand demonstrate that the requirements for terminating the remand were satisfied when the parties completed the post-remand proceedings in accordance with the Court's remand order and the district court in *Kevin M.* entered its sentence four remand order and judgment in December 2022. Thus, the Court finds that entry of final judgment is not warranted here and denies the Commissioner's motion.

### A.    Circuit Precedent

The Ninth Circuit's decision in *Akopyan* provides useful guidance regarding the unique procedural posture of this case. In *Akopyan*, the claimant filed an appeal in federal district court seeking review of the ALJ's denial of his application for supplemental security income ("SSI"). 296 F.3d at 855. The district court later "entered an order and judgment adopting a report and recommendation of a magistrate judge and remanding the case for further administrative proceedings (the '1994 remand') . . . pursuant to the sixth sentence of 42 U.S.C. § 405(g)." *Id.* Following the completion of further administrative proceedings and an ALJ's issuance of a second adverse decision, the claimant once again sought review in federal district court. *Id.* Similar to the situation presented here, the claimant prevailed on his second appeal and the district court remanded for further proceedings pursuant to sentence four. *Id.* After the second federal court remand, the ALJ determined that the claimant was disabled and entitled to benefits. *Id.*

Nearly one year later, the claimant returned to federal court and filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *Id.* Shortly

thereafter, the district court entered the parties' proposed form of judgment, which stated that the Commissioner's decision "awarding [the claimant] benefits was final following a 'sentence [six] remand herein entered [long before the 1998 sentence four remand],' because an [ALJ] . . . had issued his decision and the appeals period had expired." *Id.* After the Commissioner opposed the claimant's motion for EAJA fees on the ground that it was untimely, the district court issued (1) an order denying the claimant's motion for EAJA fees and agreeing that it was time-barred, and (2) an amended and "superseding" judgment "deleting its previous reference to the 'sentence six remand,'" and finding that the parties' proposed (and adopted) judgment "erroneously stated that judgment was being entered following the 1994 sentence six remand, when in fact that Commissioner had awarded [the claimant] benefits following the 1998 sentence four remand." *Id.*

On appeal, the Ninth Circuit addressed whether a district court's sentence four remand order "can operate to terminate a previous remand order issued pursuant to the sixth sentence of [42 U.S.C. § 405(g)], thus constituting a final judgment for purposes of determining the timeliness of an attorneys' fees petition brought pursuant to the [EAJA.]" *Id.* at 853, 855. The Ninth Circuit "conclude[d] that it can," and affirmed. *Id.* at 853. In affirming the district court's decision, the Ninth Circuit observed that (1) "[a] sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, . . . upon expiration of the time for appeal," (2) "[u]nlike sentence four remands, sentence six remands do not constitute final judgments[;] [r]ather, '[i]n sentence six cases, the [EAJA] filing period does not begin until after the postremand proceedings are completed, the Commissioner returns to [federal] court, the [district] court enters a final judgment, and the appeal period runs," and (3) under EAJA, a party "shall, within thirty days of final judgment in the action, submit to the

court an application for fees . . . which shows that the party is a prevailing party and is eligible to receive an award under [the EAJA]." *Id.* at 854-56 (first citing *Shahala v. Schaefer*, 509 U.S. 292, 297, 302 (1993); then quoting *Melkonyan*, 501 U.S. at 102; and then quoting 28 U.S.C. § 2412(d)(1)(B)).

With these principles in mind, the Ninth Circuit turned to the "dispositive issue" on appeal: "[W]hether the events following the 1994 [sentence six] remand demonstrate[d] that the requirements for terminating a sentence six remand had been met when the district court entered its 1998 remand [under sentence four]." *Id.* at 856. In explaining why "[a] review of the record confirm[ed] they had," the Ninth Circuit focused on the parties' completion of the post-sentence six remand proceedings and district court's subsequent entry of a sentence four remand, which constitutes a final judgment:

> The parties dispute which date constitutes the final judgment in the action. [The claimant] argues that pursuant to the 1994 sentence six remand, the judgment was not final until he obtained the February 12, 2001 judgment from the district court after having secured a favorable decision from an ALJ. The Commissioner contends that the 1994 sentence six remand was completed no later than when the parties returned to the district court in 1998 following the second ALJ's determination that [the claimant] was not disabled, and that the sentence four 1998 remand constitutes a final judgment in this case for purposes of fees attributable to prior proceedings.
>
> . . . The dispositive issue is whether the events following the 1994 remand demonstrate that the requirements for terminating a sentence six remand had been met when the district court entered its 1998 remand. A review of the record confirms that they had.
>
> Following the 1994 remand, the ALJ newly assigned to the case allowed the administrative record to be expanded in accordance with the district court's remand order, and made a determination based on the complete administrative record before him that [the claimant] was not disabled. [The claimant] again appealed, filing a motion for summary judgment in district court. Notably, in this motion, [the claimant] . . . did not allege that a remand was again required to develop a full and fair record. On May 6, 1998[,] the parties appeared before a magistrate judge for the purpose of arguing their cross-motions for summary judgment. After the hearing, the parties agreed that the matter should be remanded to the Commissioner . . . for a new determination on the merits of [the claimant's]

claims. The district court signed the 1998 remand judgment pursuant to the stipulation of counsel, which stated[, among other things,] that the action would be remanded to the Commissioner pursuant to [s]entence [four] of 42 U.S.C. § 405(g) for a new determination of the merits of [the claimant's] application for benefits. . . .

At this point, the earlier sentence six remand was terminated. The sentence six post-remand proceedings had been completed in accordance with the district court's 1994 remand order, the Commissioner had returned to court, and the court had entered a sentence four remand, which constitutes a final judgment. *Melkonyan*, 501 U.S. at 102. . . . Because this sentence four remand was a final judgment in the case, the time frame for [the claimant] to file his petition for attorneys' fees began to run upon expiration of the [sixty] day appeal period. *See Schaefer*, 509 U.S. at 302 (citing FED. R. APP. P. 4(a)). Allowing for this appeal period, [the claimant's] motion for attorneys' fees was required to be filed no later than September 2, 1998.

. . . .

Assuming without deciding that this [circuit] would adopt [the] reasoning [of the sister circuit decision upon which the claimant relies], [it] does not compel the result that [the claimant] urges. Because of the simultaneous nature of the dual basis [sentence four and six] remand[] in [the sister circuit case,] the sentence six remand proceedings were not and could not have been completed at the time when the sentence four remand was issued. Therefore[,] the sentence four remand order [in that case] could not have served as the final judgment entered after "the postremand proceedings are completed [and] the [Commissioner] returns to court." *Melkonyan*, 501 U.S. at 102. In contrast, [the claimant here] completed the sentence six remand proceedings, returned to district court, and obtained a sentence four remand judgment in his favor. Accordingly, [the sister circuit case] is factually distinguishable and does not materially support a determination that the [district court's] 1994 [sentence six] remand was not terminated by the 1998 [sentence four] remand [for a new determination on the merits of the claimant's application].

Finally, [the claimant] argues that the equities [do not] favor a determination that the 1998 remand order[, as opposed to the February 2001 judgment,] operated as a final judgment, because the parties stipulated in [the 1998 remand order] that "[t]his remand shall not prejudice plaintiff's future application for EAJA fees, if any." However, the stipulated language continues "nor shall it preclude the Commissioner from opposing any such application on the basis of applicable law." More importantly, a sentence four remand is a final judgment divesting the district court of jurisdiction, and the parties cannot stipulate to jurisdiction. . . .

*Id.* at 856-58 (simplified); *see also Thomas v. Comm'r of Soc. Sec. Admin.*, 625 F.3d 798, 800 n.1 (3d Cir. 2010) ("Sentence four of § 405(g) authorizes a court to enter judgment affirming, modifying or reversing the Commissioner's decision with or without remanding the cause for rehearing. This becomes the final judgment of the court and terminates the civil action, thereby divesting the court of jurisdiction over the action." (citing *Schaefer*, 509 U.S. at 299)); *Garland v. Astrue*, 492 F. Supp. 2d 216, 219 (E.D.N.Y. 2007) ("A sentence-four judgment is a final judgment that divests the court of jurisdiction." (citing *Schaefer*, 509 U.S. at 299-302)); *Hoa Hung Van*, 483 F.3d at 607 ("Although he timing of [an EAJA] fee application following a sentence-six remand differs from that of [an EAJA] fee application following a sentence-four remand, it does so primarily because the former may only be filed after the completion of the post-remand proceedings and a return to the district court to enter a judgment. Once the requisite judgment is entered, however, the timing is identical in both types of cases, in that in both the claimant must file within [thirty] days after the *appeal period* provided for in [FED. R. APP. P.] 4(a) has run").

### B.    Disposition

Consistent with *Akopyan*, the Court finds that the events following its July 2020 sentence six remand demonstrate the requirements for terminating such a remand were satisfied when the parties completed the post-remand proceedings in accordance with the Court's remand order and the district court in *Kevin M.* entered its sentence four remand order and judgment in December 2022.

The Court first addresses whether the parties completed the post-sentence six remand proceedings in accordance with the Court's July 2020 remand order granting the Commissioner's unopposed motion. *See Akopyan*, 296 F.3d at 856-57 (same approach). The Court finds that the parties did so.

In seeking a sentence six remand, the Commissioner's counsel explained that the Appeals Council informed her that it "found no record that it requested an explanation from Plaintiff for his untimely filing" of his request for review, and in turn failed to follow HALLEX and deprived Plaintiff of an opportunity to demonstrate good cause to excuse his untimely filing and reach the merits of his request for review. (Def.'s Mot. Remand at 2.) Plaintiff responded that he had "no objection" to the Commissioner's motion to remand to resolve this residual issue and "look[ed] forward" to and would comply with the Appeals Council's remaining review. (Pl.'s Resp. Mot. Remand at 1.)

Following remand, the Appeals Council sent Plaintiff a Notice of Order on September 3, 2020, vacating it prior dismissal of Plaintiff's request for review. (Admin. R., *supra* page 3, at 6-9.) Also on September 4, 2020, the Appeals Council sent Plaintiff a letter seeking his explanation as to why he failed timely to file his request. (*Id.* at 40-42.) Plaintiff responded by mailing his September 9 and September 16, 2020 letters to the Appeals Council explaining why there was good cause for excusing his untimely filing. (*Id.* at 61-63.) The Appeals Council later rejected only Plaintiff's counsel's good cause arguments because it failed to recognize that it received the two letters from Plaintiff. (*See id.* at 1-5, reflecting that in its post-remand Order dated November 19, 2020, the Appeals Council rejected substantive arguments that Plaintiff's counsel previously raised but added that "no further explanation for [Plaintiff's] untimely filing of the request for review was received in response to the letter sent by the [Appeals] Council on September 3, 2020").

Although the Appeals Council overlooked Plaintiff's September 2020 letters and addressed only Plaintiff's counsel's previous arguments, the parties completed the post-sentence six remand proceedings in accordance with the Court's Order granting the Commissioner's

unopposed motion to remand. To be sure, the Appeals Council sought, obtained, and made a record regarding Plaintiff's (and Plaintiff's counsel's) explanations as to why good cause existed for excusing Plaintiff's failure timely to request review of the ALJ's decision. Thus, and most importantly, the Appeals Council had a chance to find good cause, address in the first instance the merits of Plaintiff's request for review, and remedy any prejudice resulting from its actions. *See Smith*, 587 U.S. at 488-89 (stating that § 405(g) permits judicial review of an Appeals Council's post-hearing untimeliness dismissal of a claimant's request for review and there would be "no jurisdictional bar to a court's reaching the merits," but adding that such a procedural dismissal means that "the agency's final decisionmaker has not had a chance to address the merits at all" and "in an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance"); *see also Carroll*, 453 F. App'x at 892-93 (addressing a claimant's appeal from a district court's denial of a motion for a sentence six remand, rejecting the claimant's reliance on HALLEX, and explaining that the Eleventh Circuit has "held that an agency's violation of its own governing rules must result in prejudice before [it] will remand to the agency for compliance" and the challenged action "resulted in no prejudice").

Nothing more was required to complete the post-remand proceedings in accordance with the Court's remand order. The Court's remand order was intended to ensure that it did not run astray of fundamental principles of administrative law, Plaintiff did not suffer prejudice as result of an inadvertent procedural oversight, and there would be a record to review regarding a procedural ground that may (and did) serve as the basis of a subsequent dismissal of Plaintiff's request for review. *See Smith*, 587 U.S. at 488 ("Fundamental principles of administrative

law . . . teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question." (citing *INS v. Orlando Ventura*, 537 U.S. 12, 16, 18 (2002) (per curiam))); *Curlee v. O'Malley*, No. 22-15655, 2024 WL 2103275 at *1 (9th Cir. May 10, 2024) (stating that a court "review[s] the agency's decision for an 'abuse of discretion as to the overall conclusion, and substantial evidence as to any fact,'" finding "no abuse of discretion in the ALJ's dismissal of [the claimant's] request for a hearing," that "[s]ubstantial evidence support[ed] the ALJ's finding that good cause did not excuse [the claimant's] failure to appear, and [that the claimant] failed to respond to the ALJ's request to show cause," and declining to reach an argument because "[a] court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal" (quoting *Smith*, 587 U.S. at 487-88)).

After completing the post-remand proceedings in accordance Court's remand order, the parties, both of whom had the benefit of legal representation, returned to this federal court on January 24, 2021. *See* Compl. at 1 & Civ. Cover Sheet at 1, *supra* page 3, ECF Nos. 1 & 1-1. In this second appeal, neither Plaintiff's counsel nor the Commissioner alleged that a remand was necessary because the Appeals Council failed to seek an explanation from Plaintiff for failing timely to request review. *Cf. Akopyan*, 296 F.3d at 856 ("[The claimant [subsequently] appealed, filing a motion for summary judgment in district court. Notably, in th[e] [claimant's] motion, . . . [the claimant] did not allege that a remand was again required to develop a full and fair record."); *Kevin M.*, 2022 WL 17690153, at *4 (finding that there was a record of an "abuse of discretion").

///

///

Additionally, neither Plaintiff's counsel nor the Commissioner attempted to reopen Plaintiff's first-filed case, which the Court administratively closed on July 20, 2020. (ECF Nos. 12-13).

After doing so, Plaintiff's counsel obtained a favorable opinion and final judgment on December 15, 2022, remanding Plaintiff's case pursuant to sentence four. *See Kevin M.*, 2022 WL 17690153, at *5 (reflecting that in its Opinion and Order dated December 5, 2022, the magistrate judge reversed the Commissioner's decision and remanded Plaintiff's case "pursuant to sentence four"); *cf. Akopyan*, 296 F.3d at 857 (explaining that the claimant "completed the sentence six remand proceedings, returned to district court, and obtained a sentence four remand judgment in his favor," which "constitute[d] a final judgment" and meant that "the requirements for terminating [the previous] sentence six remand had been met" (citing *Melkonyan*, 501 U.S. at 102)). Plaintiff then obtained a fully favorable decision on remand, as the magistrate judge's decision in *Kevin M.* required. (*See* Tr. at 8-10, finding good cause and a correct protective filing date).

On August 6, 2024, over a year after the magistrate judge's sentence four remand in *Kevin M.*, and the Appeals Council's fully favorable decision, the Commissioner returned to this administratively closed case and sought entry of judgment. In response, Plaintiff (who is once again proceeding as a self-represented litigant before this Court), seeks to relitigate issues that the magistrate judge rejected in *Kevin M.*[11] Specifically, Plaintiff argues that contrary to the

---

[11] Plaintiff never filed an appeal (let alone a timely appeal) of the Appeals Council's June 27, 2023 decision. *See generally Haseeb v. Berryhill*, 691 F. App'x 391, 392-93 (9th Cir. 2017) (affirming the district court's dismissal of the claimant's "untimely" appeal to federal court and explaining that the claimant's "complaint was late because it was filed more than sixty-five days after the Appeals Council's decision" (first citing 42 U.S.C. § 405(g); and then citing 20 C.F.R. § 422.210(c))). Further, the law of the case doctrine alone (and at a minimum) prevents Plaintiff from relitigating issues that the magistrate judge in *Kevin M.* decided against him. *See generally*

Appeals Council's fully favorable decision, his "disability actually began in a concrete

discernable way[] in 2013" (the year he filed his first application, the denial of which he never

appealed), and the "exact start date for [his] request for disability [is his] 2013 filing for

disability." (Pl.'s Resp. at 3.) Plaintiff's counsel previously presented related arguments in *Kevin*

*M.*, and the court rejected them:

> Federal courts generally do not have jurisdiction to review refusals to
> reopen claims for disability benefits. *Califano v. Sanders*, 430 U.S. 99, 107-09
> (1977). An exception exists "where [the Commissioner's] denial of a petition to
> reopen is challenged on [c]onstitutional grounds." *Id.* at 109. This exception
> applies to any colorable constitutional claim of due process violation that
> implicates a due process right to a meaningful opportunity to be heard. *Evans v.*
> *Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997). A challenge that is not wholly
> insubstantial, immaterial, or frivolous raises a colorable constitutional claim.
> *Boettcher v. Sec'y of Health & Hum. Servs.*, 759 F.2d 719, 722 (9th Cir. 1985).
>
> A determination or decision may be reopened within twelve months of the
> date of the notice of the initial determination, for any reason, or within four years
> of the date of the notice of the initial determination if good cause is found. 20
> C.F.R. § 404.988(a), (b). Good cause to reopen exists if new and material
> evidence is furnished. 20 C.F.R. § 404.989.

---

*Hammond v. Berryhill*, 688 F. App'x 486, 487 (9th Cir. 2017) ("In the proceedings before this
appeal, the district court correctly barred [the claimant] from re-asserting any argument that the
district court had expressly rejected in its 2009 decision. Stated another way, the district court
did not let [the claimant] relitigate issues previously decided against him. The district court
relied, however, on the wrong doctrine. The district court rested its decision on the doctrine of
issue preclusion, agreeing with the Commissioner's contention that [the claimant's] arguments
were barred under *res judicata*. Because the 2009 district court's decision did not amount to a
final adjudication of the rights of the parties in this case, however, and because the district
court's 2011 decision amounts to a continuation of the 'same litigation,' the more applicable
doctrine is law of the case. [The claimant] did not appeal the district court's 2009 decision. As a
result, that court's previous rejection of his arguments have preclusive effect under law of the
case. We therefore affirm the district court's preclusion finding, on the alternative ground that
law of the case prevents [the claimant] from challenging any ALJ finding the district court
affirmed in 2009."). The Court also notes that considering the arguments that Plaintiff presented
in *Kevin M.* and scope of the DIB application at issue, the magistrate judge's decision in *Kevin*
*M.* appears to have resolved all outstanding and preserved issues pertaining to the parties' rights,
as the magistrate judge rejected Plaintiff's arguments described below and found that the
Appeals Council erred in declining to find good cause for excusing Plaintiff's untimely filing and
must use November 20, 2015 as Plaintiff's protective filing date. 2022 WL 17690153, at *2-5.
The Appeals Council simply implemented these rulings on remand, and no appeal followed.

A prior disability claim is not deemed to have been reconsidered on the merits merely because the evidence reviewed by the ALJ included evidence of the claimant's condition at the time of the previous application. *Girad v. Chater*, 918 F. Supp 42, 44 (D.R.I. 1996). If simply reviewing evidence relating to a previous claim is viewed as a reconsideration on the merits, the previous case would be constructively reopened every time a successive claim is filed. *Id.* at 45. Thus, the mere fact that new evidence is considered does not amount to a constructive reopening. *Id.*

Plaintiff argues that the claim should have been treated as protectively filed on November 20, 2015, the date [that Plaintiff] requested review of the September 25, 2015[] ALJ decision. If the claim had been protectively filed in November 2015, then the July 14, 2017[] application would have been within the four-year reopening period pursuant to 20 C.F.R. § 404.988(b). Plaintiff states that the ALJ considered evidence dating back to 2014, within the period adjudicated by the prior ALJ's decision. As a result, Plaintiff claims that this submission of evidence back in 2014 constitutes an implicit request to reopen the prior determination. Plaintiff argues that by not addressing this implicit request but still considering evidence from an earlier submission, the ALJ constructively reopened the prior application.

The ALJ did not constructively reopen [Plaintiff's] prior May 2013 [DIB] application. Plaintiff never requested a reopening of the application. Instead, Plaintiff relies on the ALJ's consideration of previously submitted evidence to constitute an implicit request. Assuming this constituted an implicit request, the ALJ did reopen the prior application based on §§ 404.988(b) and 404.989. However, the court in *Girad* held that the consideration of previously submitted evidence alone would not amount to a constructive reopening. *Girad*, 918 F. Supp. at 45. This is exactly what Plaintiff is arguing should constitute an implicit request for a constructive reopening. The Court finds the reasoning provided in *Girard* persuasive. As in *Girard*, this Court concludes that the ALJ did not constructively reopen [Plaintiff's] prior May 2013 [DIB] application.

. . . .

[Finally, a] claim can be reopened "[a]t any time" under certain specified conditions, including . . . [when] it is "fully or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made." 20 C.F.R. § 404.988(c)(8).

Plaintiff argues that the August 9, 2019[] request for review constituted a request to correct the protective filing date, a mistake akin to a clerical error. Because the statute allows a party to correct a clerical error at any time, Plaintiff claims that the August 9, 2019[] request would then be timely.

> While the Appeals Council did fail to provide a protective filing date for the 2017 request for review, it is not clerical error. The failure to provide a protective filing date constitutes more than just a clerical mistake. Thus, reopening [Plaintiff's] case under § 404.988(c)(8) would be improper.

2022 WL 17690153, at *3-5 (simplified); *see also Nevin v. Colvin*, No. 23-35420, --- F.4th ---- , 2025 WL 259976, at *2 (9th Cir. Jan. 22, 2025) (explaining that "*Califano* [did] not govern" the situation presented in that appeal because "*Califano* applies to judicial review of a denial of an untimely motion to reopen"); *James L. S. v. O'Malley*, No. 1:23-cv-01162-SI, 2024 WL 4275694, at *3 (D. Or. Sept. 24, 2024) (addressing a request to reopen a prior DIB application, and stating that the agency's internal policies "do not give the district court jurisdiction to review the SSA's discretionary decision to reopen, or not reopen, a prior claim" (citing *Califano*, 430 U.S. at 107-08)). The Court has reviewed and agrees in all respects with the *Kevin M.* court's well-reasoned decision.

For all of these reasons, the Court concludes that because the parties completed post-sentence six remand proceedings prior to returning to this district and obtaining a "sentence four remand, which constitutes a final judgment[,]" this Court is now divested of jurisdiction. *Akopyan*, 296 F.3d at 857-58 (citing *Melkonyan*, 501 U.S. at 102); *Thomas*, 625 F.3d at 800 n.1 (addressing jurisdiction (citing *Schaefer*, 509 U.S. at 299)); *Garland*, 492 F. Supp. 2d at 219 (same). In addition, the Court finds that its sentence six remand was terminated, there are no issues left to litigate, and it is unnecessary to enter judgment in this permanently closed case. Accordingly, the Court denies the Commissioner's motion for judgment.[12]

///

///

---

[12] The Court also finds that any appeal from this Opinion and Order would be "frivolous" as that term is used in 28 U.S.C. § 1915(e)(2), and thus would not be taken in "good faith" as that term is used in the statute. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**CONCLUSION**

For the reasons stated, the Court DENIES the Commissioner's motion for judgment (ECF No. 14), and REVOKES Plaintiff's in forma pauperis status because an appeal would not be taken in good faith.

**IT IS SO ORDERED.**

DATED this 4th day of February, 2025.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge